## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS (EASTERN DIVISION)

| | |
|---|---|
| **DIRECTV, INC.** | )    **Case No.: 03-12412-JLT** |
| | ) |
| Plaintiff, | ) |
| | )    STIPULATION AND PERMANENT |
| | )    INJUNCTION RE MARK GARLAND |
| vs. | ) |
| | ) |
| **MARK GARLAND, et al** | ) |
| | ) |
| Defendants | ) |

It is hereby stipulated by and among the parties that the following Permanent Injunction be entered by the Court without further notice or process:

1.      Defendant Mark Garland (the "Defendant"), and any persons or entities controlled directly or indirectly by him are hereby permanently enjoined and restrained from knowingly:

(a)      Receiving or assisting others in receiving DIRECTV's satellite transmissions of television programming without authorization by and payment to DIRECTV;

(b)      designing, manufacturing, assembling, modifying, importing, exporting, possessing, offering to the public, trafficking, distributing, selling, or using any devices or equipment (including, by way of example, loaders, bootloaders, unloopers, emulators, or software or components therefor) primarily designed or intended to facilitate the reception and

decryption of DIRECTV's satellite transmissions of television programming by persons not authorized to receive such programming;

(c)    advertising the sale of any devices or equipment (including, by way of example, loaders, bootloaders, unloopers, emulators, or software or components therefor) primarily designed or intended to facilitate the reception and decryption of DIRECTV's satellite transmissions of television programming by persons not authorized to receive such programming, and advertising or providing information or technical services in support thereof; or

(d)    Reverse engineering or attempting to reverse engineer any of DIRECTV's products, services or technologies, including without limitation the encryption and security controls for the DIRECTV satellite system.

2.    This Permanent Injunction shall apply to the Defendant's activities worldwide, and shall apply with the same force and effect to the DIRECTV Latin America (also known as Galaxy Latin America) satellite system, and to any other direct broadcast satellite system or related business in which DIRECTV has a financial or other interest, now or in the future.

3.    The Defendant, and any persons or entities controlled directly or indirectly by him, are hereby permanently enjoined and restrained from:

(a)    Knowingly investing or holding any financial interest in any enterprise which the Defendant knows is now, or planning in the future, to engage in any of the activities prohibited by this Permanent Injunction; or

(b)    Knowingly allowing any persons or entities which he controls, either directly or indirectly, to engage in any of the activities prohibited by this Permanent Injunction.

4.    In the event that the Defendant becomes aware that an enterprise in which he has invested or holds any financial interest is engaged in any of the activities prohibited by this Permanent Injunction, the Defendant agrees to immediately divest himself of any such investment or financial interest and to promptly notify DIRECTV of the same.

5.    The Court shall retain jurisdiction to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and/or enforce the provisions of this Permanent Injunction.   The Defendant specifically consents to personal jurisdiction and venue in the United States District Court, for the District of Massachusetts.

6.    Upon proof of any knowing violations by the Defendant of the provisions of this Permanent Injunction, the Court shall be authorized to award damages to DIRECTV for losses sustained prior to the date of this Permanent Injunction, in addition to any other damages or other relief authorized by law.

DATED:_____, 2005.

_____
United States District Court Judge

///

///

///

Presented by:

Green, Miles, Lipton & Fitz-Gibbon,

By _____
John M. McLaughlin (BBO No. 556328)
77 Pleasant Street
P.O. Box 210
Northampton, MA  01061
(413) 586-0865
(413) 584-6278 (Fax)



Attorney for Plaintiff DIRECTV, Inc.

By: _____
Ronald Passatempo
23 Forest Street
Suite 105
Medford, MA 02155
781-395-7678

Attorney for the Defendant Mark
Garland, et al

## VERIFICATION BY DEFENDANT

STATE OF _____*MASS*_____ )

COUNTY OF _____*Middlesex*_____ )


      I, Mark Garland, being first duly sworn, on oath, depose and say that I am one of the defendants herein, have read the foregoing Stipulation and [Proposed] Permanent Injunction, understand the terms thereof and, after the opportunity to consult with legal counsel, do freely consent to the entry of the same by this Court.

_____*Mark Garland*_____
Mark Garland

SUBSCRIBED AND SWORN TO before me this __*6th*__ day of __*June*__, 2005.



Name: _____
NOTARY PUBLIC in and for the State of
__*MASS*_____ residing at: *Medford, MA*
*23 first St*

My Commission Expires: __*3-10-11*__

DATED this _____ day of _____, 2005.


_____
**John M. McLaughlin**
Green, Miles, Lipton & Fitz-Gibbon
77 Pleasant Street
P.O. Box 210
Northampton, MA 01061
413-586-0865